(No. 4108— ▮▮▮▮▮▮▮▮▮▮▮▮)

FAUN E. PETERSON, WIDOW, ET AL., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1949.*

JOSEF T. SKINNER, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and ARCHIE I. BERNSTEIN, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Faun E. Peterson, is the widow of Harry D. Peterson, deceased, who was formerly employed by the Department of Public Works and Buildings, Division of Highways, of the State of Illinois. On the 3rd day

of June, 1948, while engaged in the pavement repair of highway Illinois Route No. 26 approximately two to two and one-half miles south of Ohio, Illinois, he was struck by an automobile. He died that night. Claimant, as widow, seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

From the evidence and testimony, including the report of the Division of Highways which has been filed in this case, it appears that at the time of the accident the decedent was one of a group of employees engaged in filling pavement cracks with hot tar or bituminous material on Illinois Route No. 26 in Bureau County. At approximately 10:30 A.M. the decedent was filling a crack in the west (southbound traffic lane) half of the pavement. He had begun pouring at the westerly edge of the pavement and was proceeding easterly, in a stooped position, toward the center line of the pavement. At this time a southbound car driven by Mr. Henry C. Warner of Dixon, Illinois, struck the decedent. Mr. Warner had been driving in the east (northbound) lane when passing other employees working to the north of the decedent. He had turned back into the west or righthand lane of the highway when his car hit the decedent. Upon impact the decedent was knocked unconscious; he bled from his nose and the left side of his head.

Immediately following the accident Mr. Peterson was taken to the Julia Rackley Perry Memorial Hospital at Princeton, Illinois. He was placed under the care of Dr. Joseph W. O'Malley of Ohio, Illinois. Upon examining Mr. Peterson, Dr. O'Malley found he had a large soft tissue wound on the left temporal region of his head, marked ecchymoses on both eyelids, bleeding from the nostrils and mouth and left ear. On palpation, he had

a definite break in the outer skull table in the left temporal region. Mr. Peterson was unconscious and remained so until his death at 11:30 P.M. Dr. O'Malley, who continued to attend Mr. Peterson, stated his coma deepened until his death. It was Dr. O'Malley's conclusion that a severe concussion of the brain and compound fracture of the skull in the left temporal region, together with severe hemorrhages in the cranial cavity, were the causes of death.

In his report to the division dated June 10, 1948, Dr. O'Malley stated:

"Nature of Injury: 1. Concussion brain, severe. 2. Fractures skull, severe—basal and linear in left temporal frontal region. Treatment: Wound cleansed and dressed. Patient put to bed and watched. One-half hour blood pressure, pulse, and respiration readings. X-rays: Portable of skull. Patient died June 3, 1948, 11:25 P.M."

At the time of the accident the decedent and respondent were operating under the provisions of the Workmen's Compensation Act of this State and notice of the accident and claim for compensation were made within the time provided in the Act. The accident arose out of and in the course of decedent's employment. Decedent had been employed by respondent continuously since February of 1941. He received $2,418.90 as salary during the year preceding the accident. The decedent had no children under sixteen years of age dependent upon him for support at th time of his death.

Claimant is therefore entitled to an award under Section 7 (a) of the Workmen's Compensation Act, in the amount of $4,000.00, which must be increased thirty percent under Section 7 (1), making a total award of $5,200.00. This is payable at a weekly compensation rate of $19.50.

Frances E. Scott was employed to take and transcribe the evidence at the hearings before Commissioner

Young, and submitted her invoice for these services in the amount of $50.00, which charges are fair, reasonable and customary.

An award is therefore made to claimant, Faun E. Peterson, in the amount of $5,200.00, payable as follows:

$ 624.00 which has accrued, is payable forthwith;

$4,576.00 is payable in weekly installments of $19.50 commencing on January 21, 1949 and continuing for 234 weeks, with a final payment of $13.00.

An award is also entered in favor of Frances E. Scott, in the amount of $50.00, payable forthwith.

All future payments being subject to the provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."